**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EMMANUEL N. LAZARIDIS,**

                              **Plaintiff,**

                v.                                **1:05-CV-1193**
                                                                  **(FJS/DRH)**

**STEPHANE DRAI,**

                              **Defendant.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**EMMANUEL N. LAZARIDIS**
Heraklion, Crete 712 01, Greece
Plaintiff *pro se*

**CARTER, CONBOY, CASE,**                **JAMES A. RESILA, ESQ.**
**BLACKMORE, MALONEY & LAIRD, P.C.**    **JENNIFER M. PURCELL, ESQ.**
20 Corporate Woods Boulevard,
Albany, New York 12211
Attorneys for Defendant Stephane Drai

**SCULLIN, Senior Judge**

**ORDER**

      Currently before the Court are Defendant's motion for summary judgment and Plaintiff's cross-motion for partial summary judgment. Plaintiff filed his complaint on September 20, 2005, against his French attorney, alleging the following state-law claims: negligent misrepresentation, unjust enrichment, legal malpractice, negligence, fraud, and intentional infliction of emotional distress.

      Although neither party has raised the issue, the Court finds that, based upon the

allegations in Plaintiff's complaint, it does not have subject matter jurisdiction over this action.

In his complaint, Plaintiff alleges that this Court has jurisdiction, pursuant to 28 U.S.C. § 1332(a)(2), "in that this case presents a controversy between a citizen of a State and a citizen or subject of a foreign state in which the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00)." *See* Complaint at ¶ 3. The party seeking to invoke the Court's jurisdiction has the burden to prove jurisdiction exists. *See Herrick Co., Inc. v. SCS Commc'ns., Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quotation omitted).

Plaintiff is a citizen of the United States domiciled in Heraklion, Crete, Greece. *See* Complaint at ¶ 1. Plaintiff is also a citizen of Greece. *See id*. at ¶ 9. Plaintiff established a permanent residence in Greece on or about October 18, 2002. *See id*. at ¶ 13. Plaintiff traveled and/or resided temporarily in various countries from May 2002 to March 2004. *See id*. Some time after November 4, 2002, Plaintiff left the United States with his daughter and traveled to their permanent residence in Greece where they would "resid[e] primarily." *See id*. at ¶¶ 57-60. Plaintiff has been living in Greece with his daughter since late 2002. *See id*. at ¶ 94.

Defendant is a citizen of France and an attorney licensed to practice in France and in New York. *See id*. at ¶¶ 2, 17, 19. Defendant is an alien. *See id*. at ¶ 5.

Subject matter jurisdiction is not waivable, and any party or the court may raise this issue at any time. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). It is axiomatic that "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick*, 251 F.3d at 322 (citations omitted). Furthermore, it is well-settled that "United States citizens 'domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state,' so that '§ 1332(a) does

not provide that the courts have jurisdiction over a suit to which such persons are parties.'" *Id*. (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)) (footnote omitted).

Plaintiff alleges that he is a United States citizen domiciled in Greece[1] and that Defendant is a French citizen. Plaintiff has made it clear that he has made a permanent residence in Greece since October of 2002. Plaintiff filed this action in 2005 and at all times since then Plaintiff has made no showing of establishing state citizenship within a state in the United States. Based on these allegations, the Court finds that Plaintiff is a United States citizen domiciled abroad and, therefore, not a citizen of any state.[2] Furthermore, because Plaintiff is not a citizen of any state and Defendant is an alien, the Court concludes that it has no diversity jurisdiction over this action and, therefore, *sua sponte* dismisses this action for lack subject matter jurisdiction.

Accordingly, the Court hereby

**ORDERS** that this action is **DISMISSED** for lack of subject matter jurisdiction; and the Court further

---

[1] Plaintiff also alleges that he is a Greek citizen; but, for purposes of diversity jurisdiction, a court only recognizes a dual citizen's American citizenship. *See Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991). Even if this Court were permitted to look past Plaintiff's United States citizenship and consider Plaintiff a Greek citizen, the Court notes that it would still lack diversity jurisdiction. *See Dassigienis v. Cosmos Carriers & Trading Corp.*, 442 F.2d 1016, 1017 (2d Cir. 1971) ("Since both Ionian and Dassigienis are aliens, there is no diversity, and hence no jurisdiction." (footnote and citations omitted)).

[2] In another action in the Western District of Michigan, it appears that Plaintiff reached the same conclusion in an argument seeking to alter an adverse judgment. Plaintiff argued that "because he is a United States citizen and is not domiciled in any state, he is stateless for purposes of 28 U.S.C. § 1332, and therefore this Court cannot exercise subject matter jurisdiction premised upon diversity of citizenship." *Lazaridis v. Herald Co., Inc.*, No. 5:05 CV 111, 2006 WL 1307896, *1 (W.D. Mich. May 9, 2006) (denying motion to alter judgment for failure to comply with Court's request for information related to Plaintiff's argument for lack of subject matter jurisdiction).

      **ORDERS** that all pending motions are **DENIED** as moot; and the Court further

      **ORDERS** that the Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: September 24, 2008
       Syracuse, New York

                                                      Frederick J. Scullin, Jr.
                                                      Senior United States District Court Judge